Baldwin, J.
delivered the opinion of the court.
The court is of opinion, that by the award of arbitrators in the proceedings mentioned, the matters then in controvery in this cause between the parties thereto, were finally settled and determined; and that the decree of the late superior court of chancery for the town of Lynchburg, in which the cause was then pending, of the 22d of October 1829, confirming said award, and decreeing the matters thereof, was a final decree, which it was not competent for the said circuit superior court in any wise afterwards to reverse or alter, unless upon a bill of review filed for that purpose: that the effect of *414 said award and decree was to subject the appellant Davis to payment to the appellee of the sum of 994 dollars 72 cents, with interest on 704 dollars 19 cents, part thereof, from the 31st of December 1825, till paid; and the event of the appellee’s failure to reconvey within ninety days from the date of said decree, to the female appellant, as therein directed, the undivided moiety of the mill property therein mentioned, to constitute him the absolute owner of said undivided moiety from the date of said decree, and to subject him to payment to the appellants therefor, of the sum of 1500 dollars; but to suspend execution for the moneys so decreed until the further order of the court; and that the further proceedings in the cause of the said circuit superior court subsequent to said decree, except so far as they provided for the due execution thereof, were irregular and erroneous. And the court is further of opinion, that though the suspension by said decree of execution for the moneys thereby decreed, did not render it the less final in its character, yet that upon the motion of the appellants in the proceedings mentioned, for award of execution upon said decree for the balance due them thereupon, of said sum of 1500 dollars, it was proper for the court, to enable it to act advisedly upon the subject, to direct an account between the parties, upon the principles of so much of its decretal order of the 1st of February 1834, as directs such account, but with the following modifications, to wit: no allowance of interest on said sum of 1500 dollars ought to have been directed anterior to the date of the said decree of the 22d of October 1829; and the allowance to the appellants for one half of the repairs of the mills ought not to have been permitted to exceed the aggregate amount of the rents during the whole period for which said rents accrued, unless authorized by some agreement of the parties. And the court is further of opinion, that upon the principles aforesaid, modified as aforesaid, the said circuit superior court ought *415 to have proceeded to ascertain the balance due, whether to the appellants or the appellee, of the moneys decreed to them respectively as aforesaid, by deciding upon the exceptions filed by the parties to so much of the report of the commissioner, made in obedience to said decretal order, as relates to said matters of account between them, and by the recommitment of said report, if necessary; and that after so ascertaining such balance, the said circuit superior court ought to have awarded execution therefor, in favour of the appellants or of the appellee, as the case might be, and also for the costs expended by the successful party in the prosecution or defence of said motion. Wherefore it is decreed and ordered that the said decree of the said circuit superior court, first above mentioned, be reversed and annulled, with costs to appellants. And it is further decreed and ordered, that the cause be remanded to the said circuit superior court, for further proceedings to be had therein, according to the principles of the foregoing opinion and decree. But this decree is to be without prejudice to any suit which the appellants may be advised to bring for the purpose of enforcing a lien, if any they have, upon the said undivided moiety of said mill property, for any balance which may be found in their favour of the money decreed to them by the said decree of the 22d of October 1829 ; and without prejudice to any suit which the appellee may be advised to bring, for the purpose of obtaining relief, if any he be entitled to, in consequence of the sale of said mill property, to raise the quotas of insurance which were due to the Mutual Assurance Society, and the purchase thereof by Howell L. Brown, in the proceedings mentioned.